Ms. Joyce Sibson Dove Florida Commercial Space Financing Corporation Post Office Box 10426 Tallahassee, Florida 32302-2426
Dear Ms. Dove:
As attorney for the Florida Commercial Space Financing Corporation, you have asked for my opinion on substantially the following question:
Does the Florida Commercial Space Financing Corporation, created in Part III, Chapter 331, Florida Statutes, come within the scope of section 288.075, Florida Statutes, exempting certain business records from the Public Records Law?[1]
In sum:
The Florida Commercial Space Financing Corporation is in the nature of a public or quasi-public corporation and does not come within the scope of section 288.075, Florida Statutes.
Part III, Chapter 331, Florida Statutes, is the "Florida Commercial Space Financing Corporation Act."[2] The act creates a nonprofit corporation and sets forth the purpose of the corporation:
"[T]o expand employment and income opportunities for residents of this state by providing businesses domiciled in this state with information, technical assistance, and financial assistance to support space-related transactions, in order to increase the development within the state of commercial aerospace products, activities, services, and facilities."[3]
Among its powers and duties, the corporation is given specific authority to coordinate its efforts with a number of public and private programs such as the United States Air Force, the National Aeronautics and Space Administration, and Enterprise Florida, Inc.[4] The corporation is authorized to assemble, publish, and distribute information on financing opportunities and techniques of financing aerospace projects, programs, and activities.[5] The corporation can insure, coinsure, lend, and guarantee loans and originate direct space-related loans.[6] The corporation is also specifically authorized to "capitalize, underwrite, and secure funding for aerospace infrastructure, satellites, launch vehicles, and any service which supports aerospace launches."[7] The corporation is organized on a non-stock basis.[8]
The act creates a board of directors of the corporation made up of a maximum of 7 voting members, appointed by various officials and entities including the Governor, the board of supervisors of the Spaceport Florida Authority, the director of the Office of Tourism, Trade, and Economic Development and the Florida Secretary of Transportation.[9] Each voting member of the board serves a 3-year term without compensation.
The board of directors is required by statute to create an account to receive state, federal, and private financial resources, and returns on any investments of those resources. This account is under "the exclusive control of the board."[10] Appropriations for the corporation must also be deposited into the account.[11]
You have asked whether the Florida Commercial Space Financing Corporation is within the scope of section 288.075, Florida Statutes, which makes certain records in the possession of an economic development agency confidential and exempt from public inspection and copying under Florida's Public Records Law.
Section 288.075(1), Florida Statutes, sets forth those entities within the scope of the section:
"the term "economic development agency" means the Office of Tourism, Trade, and Economic Development, any industrial development authority created in accordance with part III of chapter 159 or by special law, the Spaceport Florida Authority created in part II of chapter 331, the public economic development agency that advises the county commission on the issuance of industrial revenue bonds of a county that does not have an industrial development authority created in accordance with part III of chapter 159 or by special law, or any research and development authority created in accordance with part V of chapter 159. The term also includes any private agency, person, partnership, corporation, or business entity when authorized by the state, a municipality, or a county to promote the general business interests or industrial interests of the state or that municipality or county."
Certain records of a private corporation, partnership, or person may be maintained as confidential and exempt from section119.07(1) and Article I, section 24(a), Florida Constitution, by economic development agencies within the scope of section288.075(2), Florida Statutes. The statute provides that
"[u]pon written request from a private corporation, partnership, or person, records of an economic development agency which contain or would provide information concerning plans, intentions, or interests of such private corporation, partnership, or person to locate, relocate, or expand any of its business activities in this state are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution for 24 months after the date an economic development agency receives a request for confidentiality or until disclosed by an economic development agency pursuant to subsection (4) or by the party requesting confidentiality under this section."
Confidentiality is required to be maintained until the 24-month period expires or until documents or information are otherwise disclosed, whichever occurs first. This confidentiality does not apply if a court determines the need for access to such documents. This exemption is set to expire on October 2, 2001.[12]
Clearly, the Florida Commercial Space Financing Corporation is not within the list of named entities in section 288.075(1), Florida Statutes. However, the statute also provides for the inclusion of private agencies, corporations or business entities authorized to promote the general business interests or industrial interests of the state. For the following reasons it is my opinion that the Florida Commercial Space Financing Corporation is in the nature of a public or quasi-public corporation rather than a private agency, corporation, or business entity and therefore not covered by this provision.
In Forbes Pioneer Boat Line v. Board of Commissioners ofEverglades Drainage District,[13] the Florida Supreme Court considered the distinctions between private corporations, quasi-public corporations, and public corporations:
"A private corporation is one formed for the benefit of its stockholders exclusively. When it is invested with certain powers of a public nature to permit it to discharge duties to the public, it loses its strictly private character and becomes quasi public. A corporation is public when created for public purposes only, connected with the administration of government, and where the whole interests and franchises are the exclusive property and domain of the government itself."[14]
Thus, the Court determined that the Everglades Drainage District, created with all the powers of a body corporate, including the power to sue and be sued, to make contracts and to use a common seal, was a public quasi-corporation. As such, it was "a governmental agency of the state for certain definite purposes, having such authority only as is delegated to it by law."[15]
This office has determined that the primary characteristic of a public or quasi-public corporation is its creation by law.[16] InO'Malley v. Florida Insurance Guaranty Association,[17] the Court considered the nature of the Florida Insurance Guaranty Association, created by statute as a nonprofit corporation. The Court distinguished between private corporations that have no official duties or concern with the affairs of government, are voluntarily organized and are not bound to perform any act solely for governmental benefit, and public corporations that are organized for the benefit of the public. Concluding that the association was "a legislatively declared `mechanism' to aid and benefit numerous citizens" who had suffered a loss of insurance protection because of the insolvency of their insurers, the Court held that the association was a public or quasi-public corporation.[18]
In Attorney General's Opinion 97-42, this office was asked to consider whether the Florida Distance Learning Network was a public or private corporation. The network was created by the Legislature in Part II, Chapter 364, Florida Statutes. The intent of the Legislature in creating the network was to establish a coordinated system for cost-efficient advanced telecommunications services and distance education to:
"(a) Increase student access to education.
(b) Maximize the use of advanced telecommunications services and their application to provide affordable distance education.
(c) Promote interagency cooperation and promote partnerships.
(d) Secure any available federal or private funds and other resources in support of advanced telecommunications services and distance education."[19]
The network was governed by a board of directors whose composition was established by statute. While the statutes did not characterize the network or its board of directors, those statutes did provide that the board had the power of a body corporate and could make contracts, sue and be sued, and adopt, amend and repeal bylaws.
In concluding that the Florida Distance Learning Network was a public or quasi-public corporation, the opinion noted that the network was created by statute; that the network was established to carry out the provisions of the Education Facilities Infrastructure Improvement Act; and that the board of directors had the powers of a body corporate to carry out that function.
Similarly, the Florida Commercial Space Financing Corporation is created by statute and has all the powers, rights, privileges and authority provided under Chapter 617, Florida Statutes. The Legislature has established the purpose of the corporation as that of "increas[ing] the development within the state of commercial aerospace products, activities, services and facilities." The Florida Commercial Space Financing Corporation is governed by a board of directors whose composition is prescribed by statute and made up of public officials or their representatives.
Thus, it is my opinion that the Florida Commercial Space Financing Corporation is in the nature of a public or quasi-public not-for-profit corporation rather than a "private agency, person, partnership, corporation, or business entity" within the scope of the exemption in section 288.075, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Your original question mentions "the Sunshine law exemption for meetings and records in section 288.075, Florida Statutes[.]" However, section 288.075 relates only to records and an exemption from the Public Records Law does not provide an implied exemption from the Government in the Sunshine Law, s. 286.011, Florida Statutes. See, s. 119.07(5), Fla. Stat., providing that "An exemption from this section does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s.286.011 must be expressly provided." Therefore, as your question appears to relate to section 288.075, Florida Statutes, only the subject of records is dealt with in this opinion.
[2] See, s. 331.401, Fla. Stat., providing the title for the act.
[3] Section 331.407(1), Fla. Stat.
[4] Section 331.407(2)(a), Fla. Stat.
[5] Section 331.407(2)(c), Fla. Stat.
[6] Section 331.407(2)(e), Fla. Stat.
[7] Section 331.407(2)(f), Fla. Stat.
[8] Section 331.407(1), Fla. Stat.
[9] Section 331.411(1)(a)-(b), Fla. Stat.
[10] Section 331.415(1), Fla. Stat.
[11] Section 331.415(3), Fla. Stat.
[12] Section 288.075(2), Fla. Stat.
[13] 82 So. 346 (Fla. 1919). And see, Black's Law Dictionary,Corporation 307 (5th ed. 1979) (public corporation is one created by the state for political purposes and to act as an agency in the administration of civil government; true distinction between public and private corporations is that the former are organized for governmental purposes, the latter are not); 18 C.J.S.Corporations s. 6 (generally a public corporation is created by government for public purposes, political or otherwise, whereas a private corporation is one formed by voluntary agreement of its members for private, and, in some instances, for public, purposes).
[14] 82 So. at 350. The Forbes Court also contrasted public corporations, such as municipal corporations which are full-fledged corporations with all the powers, duties, and liabilities incident to such status, with public quasi-corporations which possess only a portion of the powers, duties, and liabilities of corporations.
[15] Ibid.
[16] See, Ops. Att'y Gen. Fla. 78-106 (1978) and 97-42 (1997).
[17] 257 So.2d 9, 11 (Fla. 1971).
[18] And see, Op. Att'y Gen. Fla. 83-20 (1983) in which this office stated that with the creation of the Florida State Fair Authority as a public body corporate, the Legislature created a public corporation or public quasi-corporation for state purposes to carry out a state function.
[19] Section 364.509(1), Fla. Stat. (1997).